Received of Alexander Donaldson one hundred dollars in part pay of two hundred and sixty hogs, to be delivered at six dollars and twelve and one-half cents gross. This 16th of November, 1836.
 (Signed) ALEX'R. DONALDSON. JOHN BENTON.
Test: C. W. LATHAM.
And a paper-writing, under seal, purporting to be articles of agreement, in the words following, to wit:
Articles of agreement made and entered into this day: Whereas Alexander Donaldson binds himself, his heirs and assigns to pay or cause to be paid to John Benton six dollars and twelve and one-half *Page 451 
cents gross, at Asheville, N.C. for two hundred and sixty hogs, when delivered. Witness my hand and seal, this 16th of November, 1836.
 (Signed) JOHN BENTON. (Seal.) ALEX. DONALDSON. (Seal.)
Test: C. W. LATHAM.
Both the receipt and the articles of agreement were executed (573) at the time when the contract was made, and the plaintiff kept the receipt and the defendant the articles of agreement.
His Honor intimated an opinion that the action should have been covenant, but reserved the point and permitted the plaintiff to proceed; and he then proved that the defendant had the hogs in Asheville at the time agreed on; that he requested the defendant to have them weighed and delivered; in reply to which the defendant asked him if he was ready to pay the money. The plaintiff replied, "Our agreement was that the money was to be paid in Columbia, when I sold the hogs, and I was to pay your expenses to go there and receive it." The defendant then said, "I must have the money here; if I go to Columbia, I take the hogs there as my own." The plaintiff then tendered the defendant the money in North Carolina bank notes, but he refused to take bank notes, except Kentucky bills or specie, saying that North Carolina notes would not do for him in Kentucky. The plaintiff was unable to procure specie or Kentucky bills, and the defendant drove the hogs to the South and sold them.
His Honor then intimated an opinion that the plaintiff had not made out his case, for that the "defendant had a right to require specie or Kentucky bills, in Asheville, at the time the hogs were to be delivered, and was not obliged to accept the North Carolina bills; that the evidence tending to show that the money was not to be paid until the hogs were taken to Columbia and sold was not admissible to vary, explain or contradict the agreement in writing." Upon these intimations the plaintiff submitted to a nonsuit and appealed.
It cannot be contended that bank notes are a lawful tender, and it is equally plain that parol evidence is not admissible to contradict the written agreement. The opinion of the judge is so obviously right upon both these points — each of which is fatal to the plaintiff's recovery — that it necessarily follows that the judgment must be affirmed with costs. (574)
PER CURIAM. Judgment affirmed.
Cited: Thomas v. Lines, 83 N.C. 197; Elliot v. Whedbee, 94 N.C. 119. *Page 452